UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT SCIOLINO,**

    Petitioner,

v.                                                          Case No.: 8:20-cv-665-T-27JSS
                                                           Criminal Case No.: 8:18-cr-449-T-27JSS

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Sciolino's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), and the United States' Response in Opposition (cv Dkt. 4). Upon review, the § 2255 motion is **DENIED**.

## BACKGROUND

In 2019, Sciolino was charged by a Superseding Indictment with two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts One and Two), and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Counts Three and Four). (cr Dkt. 30). He pleaded guilty to Counts One, Three, and Four pursuant to a written plea agreement. (cr Dkt. 67 at 1). The factual basis in the plea agreement, as stipulated to by Sciolino at his change of plea hearing, reflected that he downloaded from a file-sharing program and possessed hundreds of videos and images of child pornography. (Id. at 16-20; cr Dkt. 94 at 41-45). The admitted criminal conduct occurred on three different dates, involved different investigations, videos, and images, and constituted three separate offenses. (cr Dkt. 67 at 16-20; cr Dkt. 30).

During his change of plea hearing, Sciolino confirmed that he reviewed with counsel and understood the charges against him, that he had an opportunity to review the facts, evidence, and plea agreement with counsel, and that he discussed the options to resolve his case with counsel. (cr Dkt. 94 at 4-5, 24). Sciolino was fully satisfied with counsel's advice and representation. (Id. at 24). He further understood the elements and minimum and maximum penalties of the charges, as well as his obligation to pay restitution to "any victims of the offenses," as provided in the plea agreement. (Id. at 26-29); (cr Dkt. 67 at 10). His guilty plea was accepted as knowingly and voluntarily entered, and he was adjudicated guilty. (cr Dkt. 94 at 48); (cr Dkt. 73).

Sciolino faced a mandatory minimum term of 5 years imprisonment and a maximum of 20 years on Count One, and a maximum term of 10 years on Counts Three and Four. (cr Dkt. 81 ¶ 96). With a total offense level 34 and criminal history I, his guidelines range was 151 to 188 months. (Id. ¶ 97). It was further determined that he owed a total of $57,000 in restitution to several victims. (Id. ¶¶ 109-110). He did not raise objections to the restitution amount in the presentence investigation report. (Id. at pp. 26-27; cr Dkt. 79; cr Dkt. 82). At sentencing, the district court varied below the guidelines range and imposed three concurrent terms of 120 months imprisonment, followed by 25 years of supervised release. (cr Dkt. 82 at 2); (cr Dkt. 83).[1] Sciolino was ordered to pay the $57,000 restitution amount agreed to by the parties. (cr Dkt. 82 at 1; cr Dkt. 83 at 6). He did not appeal.[2]

---

[1] Neither party provides the transcript of Sciolino's sentencing, despite an order that the United States, "[a]s part of the initial pleading, . . . [p]rocure transcripts and/or narrative summaries in accordance with Rule 5(b) of the Rules Governing Section 2255 Cases in the United States District Courts and file them concurrently with the initial pleading . . . ." (cv Dkt. 3 at 1-2).

[2] As the plea agreement provided, Sciolino waived the right to appeal his sentence

In this § 2255 motion, Sciolino contends that his counsel was ineffective in allowing him to plead guilty to multiple counts of receipt and possession of child pornography rather than a "single count of either receipt or possession" (Ground One), and that the restitution order should be "disallow[ed]" because he lacks the necessary funds to "pay for acts that [he] did not cause." (cv Dkt. 1 at 4-5). As the United States correctly contends, these claims are without merit.[3]

## STANDARD

To establish ineffective assistance of counsel, Sciolino must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

---

> on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* . . . ; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

(cr Dkt. 67 at 13-14 (emphasis in original)).

[3] An evidentiary hearing is unnecessary to resolve Sciolino's claims, since the § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Additionally, he previously moved for default judgment, contending that the United States had not responded to his motion. (cv Dkt. 5). That motion was denied, and the United States' response was mailed to his address on file. (cv Dkt. 6). Although Sciolino was allowed to file a reply, he has not done so. (Id. at 2; cv Dkt. 3 at 2).

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *see Lafler v. Cooper*, 566 U.S. 156 (2012).

Notably, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial," and "need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of the client." *Id.* Collateral relief is only available if a petitioner "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 214CV584FTM38MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

## DISCUSSION

In summary, Sciolino is not entitled to relief because, first, counsel was not ineffective in allowing him to plead guilty to multiple counts, since his admitted conduct constituted multiple offenses. Second, Sciolino's restitution claim is not cognizable in this § 2255 proceeding. In any event, he agreed to the restitution amount, which supported by the stipulated factual basis.

4

*Ground One*

In Ground One, Sciolino contends that "[a] single count of either, receipt or possession, but not both, should have been the proper charge in a plea agreement with an *effective counsel*." (cv Dkt. 1 at 4 (emphasis in original)). He further explains that "[c]harging [him] with multiple counts of possession and a single count of receipt is a violation of due process in that the prosecutor expanded or divided a single act into the misleading assumption of various violations condensed into [his] plea statement." (Id.). He seeks a "downward departure from the enhanced 120 months sentenced, within the guidelines range for a single count of receipt." (Id. at 12).

To the extent Sciolino raises a claim of multiplicity or a violation of double jeopardy, the claim is without merit. "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010). To determine whether an indictment is multiplicitous, courts must "verify[] that each count requires an element of proof that the other counts do not require." *Id.* (citations omitted). "[C]harges are not multiplicitous where they differ by a single element or fact." *United States v. England*, 489 F. App'x 299, 303 (11th Cir. 2012) (citation omitted).

Here, Sciolino pleaded guilty to counts stemming from different criminal conduct, on different dates, and involving different digital equipment and images. *See* (cr Dkt. 67 at 16-20). For example, Count One charged that on April 21, 2014, Sciolino received an image of child pornography titled "BEEEESSSSTTTT." (cr Dkt. 30 at 1). Count Three charged him with possession of child pornography on December 9, 2014, and Count Four with possession of child pornography on February 1, 2016. (Id. at 2-3). Further, Count One concerned an investigation initiated by New Zealand detectives in June 2014, which culminated in the execution of a search

5

warrant on Sciolino's residence on December 9, 2014. (cr Dkt. 67 at 16-18). Count Four, which related to an FBI investigation that began in December 2015, charged that Sciolino downloaded child pornography in the parking lot of a Publix on February 1, 2016. (Id. at 18-20). And he admitted that he committed the three separate crimes. (Id. at 16-20; cr Dkt. 94 at 41-46).

Accordingly, Sciolino fails to show that he pleaded guilty to a multiplicitious indictment. *See United States v. Woods*, 684 F.3d 1045, 1061 (11th Cir. 2012) (rejecting defendant's claim of multiplicity where "[n]othing in the indictment indicated that the same images underlying the receipt count underlie the possession counts"); *United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009); *see also United States v. Harper*, 398 F. App'x 550, 555 (11th Cir. 2010) (finding double jeopardy claim in receipt and possession case waived, since "a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he has committed two separate crimes").  Sciolino cites no authority supporting his contention that the plea agreement or his convictions violate due process. Any related ineffective assistance claim fails, since counsel is not ineffective in failing to raise an argument that has no legal basis. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008).

Last, to the extent Sciolino contends that counsel was ineffective in failing to negotiate a more favorable plea agreement, his plea agreement nonetheless required the United States to dismiss Count Two of the Superseding Indictment and not bring additional charges. (cr Dkt. 67 at 4). His offense level was also reduced three points for acceptance of responsibility. (cr Dkt. 81 ¶¶ 54-55). And notably, he alleges no facts suggesting that the United States was willing to offer, or that different counsel could have negotiated, a more favorable plea agreement. *See Grant v. United States*, No. 2:12CV386-WHA, 2014 WL 7003821, at *3 (M.D. Ala. Dec. 10, 2014); *see also*

*Martin v. United States*, No. 2:14CV666-WKW, 2017 WL 1496961, at *4 (M.D. Ala. Feb. 28, 2017), *report and recommendation adopted*, No. 2:14-CV-666-WKW, 2017 WL 1505592 (M.D. Ala. Apr. 25, 2017) ("[Petitioner's] subjective belief that the government's actual plea offer was not the best he could do fails to create an inference that another, more favorable, plea offer existed or was obtainable. Indeed, there is no evidence that a more favorable plea agreement was obtainable."). In summary, Sciolino is not entitled to relief on Ground One.[4]

***Ground Two***

In Ground Two, Sciolino contends "[r]estitution should be based on the amount of the loss, the closeness of the government's charge(s) and the alleged conduct that I caused to the victim(s) whome I did not know and will never know." (cv Dkt. 1 at 5). He further explains that he was "not directly or indirectly a part to any sexual act or violation of such act(s) against anyone now claiming or demanding restitution that I cannot afford," and that he is "requesting that the court disallow any restitution already granted. I do not have any funds to pay for acts that I did not cause." (Id.). These contentions are without merit.

First, as the United States observes, challenges to restitution are not cognizable in § 2255 proceedings. *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009); *see also United States v. Diaz*, No. 1:16cv134/WTH/GRJ, 2018 WL 6494515, at *14 (N.D. Fla. Sept. 13, 2018) (rejecting challenge to restitution raised as ineffective assistance of counsel claim). Second, in the plea agreement and at his change of plea hearing, Sciolino agreed to pay restitution to any victims

---

[4] Sciolino does not allege that his guilty plea was not knowingly and voluntarily entered. In any event, such a claim would be belied by the record, specifically his change of plea hearing. Further, he does not allege that he would have maintained his not guilty plea had counsel informed him about the purported multiplicity issue. (cr Dkt. 1); *Scott*, 325 F. App'x at 824; *Lafler*, 566 U.S. 156.

7

of his offenses. (cr Dkt. 94 at 29); (cr Dkt. 67 at 10). Last, he cites no authority supporting his contention that he need not pay restitution for "acts that [he] did not cause," because he was not "a part to any sexual act . . . against anyone now claiming or demanding restitution." (cv Dkt. 1 at 5). Rather, he admitted to committing the charged crimes of receipt and possession of child pornography, and there were "at least twelve identified series." (cr Dkt. 81 ¶¶ 37-38). Accordingly, the amount of restitution ordered to be paid to the known victims was appropriate. *See Paroline v. United States*, 134 S. Ct. 1710 (2014); 18 U.S.C. § 2259. Further, a court may not decline to order restitution based on a defendant's economic circumstances. *See* 18 U.S.C. § 2259(b)(4)(B)(i).

Any related ineffective assistance claim fails since counsel is not ineffective in failing to raise an argument that has no legal basis. *Freeman*, 536 F.3d at 1233. In summary, Sciolino is not entitled to relief on Ground Two.

### *Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Sciolino to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). I find that jurists of reason could not disagree with the resolution of Sciolino's constitutional claims or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Sciolino's § 2255 motion is **DENIED** (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against Sciolino, and to **CLOSE** this case.

**DONE AND ORDERED** this 18th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record